Glendoval J. Stephens (GS0903)
THE STEPHENS LAW FIRM PLLC
305 Broadway, Suite 1200
New York, NY 10007
Telephone: (212) 385-1400
Facsimile: (212) 385-1401
gjs@stephenslawny.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X

JUAN SOLIS, ANDRES GARCIA, JESUS VICENTE IZQUIERDO MACIAS, CARLOS ANDRES MORENO VIVANCO, LEONARDO PATRICIO SABANDO CEDEÑO, AQUILES BOLAÑO, JOSÉ SANCIR, ELISEO CHALI GUORON, HECTOR CHALI, JUAN PEREZ GARCIA, MARLON ANTONIO AVILA AGUILAR, and MARIO CHALI, individually and on behalf of other employees similarly situated,

                                        Plaintiffs,

-against-

BIG APPLE DESIGNERS INC, PRIME STRUCTURE INC., BIG APPLE DESIGNERS NY LLC, PRIME STRUCTURE NY INC., VELOCITY FRAMERS USA INC., NYC BEST SQUAD CONSTRUCTION CORP, and GOLD EDGE CONTRACTORS INC.,

                                        Defendants.

---------------------------------------------------------------------------X

Case No. 1:21-cv-06224

**COMPLAINT**

Jury Trial Demanded

      Plaintiffs, JUAN SOLIS ("SOLIS"), ANDRES GARCIA ("GARCIA"), JESUS VICENTE IZQUIERDO MACIAS ("MACIAS"), CARLOS ANDRES MORENO VIVANCO ("MORENO"), LEONARDO PATRICIO SABANDO CEDEÑO ("SABANDO"), AQUILES BOLAÑO ("BOLAÑO"), JOSÉ SANCIR ("SANCIR"), ELISEO CHALI GUORON ("GUORON"), HECTOR CHALI, JUAN PEREZ GARCIA ("PEREZ"), MARLON ANTONIO

AVILA AGUILAR ("AVILA"), and MARIO CHALI by the undersigned attorneys, for their class action complaint against Defendants, alleges upon information and belief, except as to the allegations that pertain to Plaintiffs that are alleged upon personal knowledge, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of themselves and other similarly situated employees, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. § § 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other similarly situated employees, to remedy violations of the New York Labor Law § 190 *et seq.*, and §§ 650 *et seq.* ("NYLL") and New York State common law. Plaintiffs seek for themselves and similarly situated employees, declaratory and injunctive relief, unpaid overtime wages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to NYLL §§ 198, 663, and New York State common law.

3. Plaintiffs seek to bring this action on behalf of themselves and other similarly situated employees as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of this Court over Plaintiffs' state law claims is invoked pursuant to

6. NYLL §§ 198, 663, and 28 U.S.C. § 1367(a), in that the state law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

8. Plaintiff SOLIS resides in the County of Queens in the State of New York. At all relevant times, SOLIS was employed by Defendants BIG APPLE DESIGNERS INC ("BIG APPLE INC"), PRIME STRUCTURE INC. ("PRIME"), BIG APPLE DESIGNERS NY LLC ("BIG APPLE LLC"), PRIME STRUCTURE NY INC. ("PRIME NY") VELOCITY FRAMERS USA INC. ("VELOCITY"), NYC BEST SQUAD CONSTRUCTION CORP ("NYC BEST"), and GOLD EDGE CONTRACTORS INC. ("GOLD EDGE") (collectively referred to as "Defendants").

9. Plaintiff GARCIA resides in the County of Queens in the State of New York. At all relevant times, GARCIA was employed by Defendants.

10. Plaintiff MACIAS resides in the County of Bronx in the State of New York. At all relevant times, MACIAS was employed by Defendants.

11. Plaintiff MORENO resides in the City of West New York, County of Hudson, State of New Jersey. At all relevant times, MORENO was employed by Defendants.

12. Plaintiff SABANDO resides in the County of Queens in the State of New York. At all relevant times, SABANDO was employed by Defendants.

13. Plaintiff BOLAÑO resides in the County of Queens in the State of New York. At all relevant times, BOLAÑO was employed by Defendants.

14. Plaintiff SANCIR resides in the County of Queens in the State of New York. At all relevant times, SANCIR was employed by Defendants.

15. Plaintiff GUORON resides in the County of Queens in the State of New York. At all relevant times, GUORON was employed by Defendants.

16. Plaintiff HECTOR CHALI resides in the County of Queens in the State of New York. At all relevant times, HECTOR CHALI was employed by Defendants.

17. Plaintiff PEREZ resides in the County of Queens in the State of New York. At all relevant times, PEREZ was employed by Defendants.

18. Plaintiff AVILA resides in the County of Queens in the State of New York. At all relevant times, AVILA was employed by Defendants.

19. Plaintiff MARIO CHALI resides in the County of Queens in the State of New York. At all relevant times, MARIO CHALI was employed by Defendants.

20. Defendant BIG APPLE INC is a New York corporation doing business in New York with a registered address for service of process at 670 Myrtle Avenue #438, Brooklyn, NY 11205. Therefore, BIG APPLE INC is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

21. Defendant PRIME is a New York corporation doing business in New York with a registered address for service of process at 670 Myrtle Avenue Suite 254, Brooklyn, NY 11205. Therefore, PRIME is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

22. Defendant BIG APPLE LLC is a New York limited liability company doing business in New York with a registered address for service of process at 694 Myrtle Avenue #438, Brooklyn, NY 11205. Therefore, BIG APPLE LLC is an "employer" within the definition

of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

23. Defendant PRIME NY is a New York corporation doing business in New York with a registered address for service of process at 5016 16th Avenue #350, Brooklyn, NY 11204. Therefore, PRIME is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

24. Defendant VELOCITY is a New York corporation doing business in New York with a registered address for service of process at 5014 16th Avenue #468, Brooklyn, NY 11219. Therefore, VELOCITY is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

25. Defendant NYC BEST is a New York corporation doing business in New York with a registered address for service of process at 8846 75th Avenue, Glendale, NY 11385. Therefore, NYC BEST is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

26. Defendant GOLD EDGE is a New York corporation doing business in New York with a registered address for service of process at 8846 75th Avenue, Glendale, NY 11385. Therefore, GOLD EDGE is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

27. Defendants operated under other names, all of which are not now known to the Plaintiffs.

28. Upon information and belief, the Defendants, through unified operations and common control, constitute an "enterprise" within the meaning of 29 U.S.C § 203(r). Upon information and belief, the Defendants individually and collectively constitute an "enterprise engaged in commerce" within the meaning of 29 U.S.C § 203(s)(l).

## FACTUAL ALLEGATIONS

29. Upon information and belief, the Defendants operate a construction business in the greater New York City area.

30. At all relevant times, the Defendants have contracted the services of the Plaintiffs and other similarly situated employees of the Defendants to perform various services in support of the construction of various properties throughout New York City and the surrounding area.

31. Throughout their employment with the Defendants, Plaintiffs and other similarly situated employees of the Defendants worked as laborers at various construction sites throughout New York City and the surrounding area.

32. Plaintiffs' job duties included loading and unloading materials, tools, and equipment; distributing materials from floor to floor at construction sites; transporting materials between construction sites; mixing and pouring concrete; removing debris; painting and spackling; and basic carpentry, including constructing framework and putting up walls.

33. Upon information and belief, based on the recollections of the Plaintiffs, the pay rates for Plaintiffs and other similarly situated employees of the Defendants changed as follows: in or about October 2013, at the time Plaintiff BOLANO started working for Defendants, the Defendants paid $12.00 per hour for all hours worked. From about January 2014 through December 2017, the rate of pay for Plaintiffs and other similarly situated employees was increased to $14.00 per hour for all hours worked. Beginning in or about January 2017, the rate of pay was increased to $19.00 per hour for all hours worked. Defendants paid Plaintiffs and other similarly situated employees identically.

34. Plaintiffs and other similarly situated laborers worked Monday through Friday. Approximately 90 percent of the time, the laborers worked from 7:00 a.m. to 6:00 p.m.

Approximately eight percent of the time, the laborers ended work at around 8:00 p.m. The remainder of the time, they ended work as late as midnight or even 6:00 a.m. the following day.

35. Plaintiff SOLIS began working for Defendants on or about December 15, 2019. SOLIS last worked for Defendants on October 25, 2021.

36. Plaintiff GARCIA began working for Defendants in or about early February 2020. Garcia last worked for Defendants on October 20, 2021.

37. Plaintiff MACIAS began working for Defendants in or about early July 2020. MACIAS last worked on or about October 15, 2021.

38. Plaintiff MORENO began working for Defendants on or about February 11, 2020. MORENO last worked for Defendants on June 11, 2021.

39. Plaintiff SABANDO began working for Defendants in late February or early March 2021. SABANDO last worked for Defendants on October 25, 2021

40. Plaintiff BOLAÑO began working for Defendants in or about October 2013. BOLAÑO is currently employed by the Defendants.

41. Plaintiff SANCIR began working for Defendants in or about October 2019. SANCIR is currently employed by the Defendants.

42. Plaintiff GUORON began working for Defendants in or about November 2016. GUORON is currently employed by the Defendants.

43. Plaintiff HECTOR CHALI began working for Defendants in or about October 2019. HECTOR CHALI is currently employed by the Defendants.

44. Plaintiff PEREZ began working for Defendants in or about November 2016. PEREZ is currently employed by the Defendants.

45. Plaintiff AVILA began working for Defendants in or about November 2016.

AVILA is currently employed by the Defendants.

46. Plaintiff MARIO CHALI began working for Defendants in or about October 2019. MARIO CHALI is currently employed by the Defendants.

47. Defendants paid all plaintiffs in cash through the week ending October 30, 2021. As of the week ending November 6, 2021, Defendants eliminated all overtime hours and began paying laborers by check.

48. Pay checks since issued to those of the Plaintiffs who continue to work for the Defendants bear the name but not the address or telephone number of the company Marathon Builders Group, Inc. As of this date, no company bearing this name is registered with the New York Department of State either as a domestic or foreign entity.

49. At all relevant times, Pursuant to 12 NYCRR § 142-2.6, Defendants are and were required to establish, maintain, and preserve for not less than six years, weekly payroll records which, inter alia, shall show for each employee: name and address; social security number; wage rate; the number of hours worked daily and weekly, including the time of arrival and departure of each employee working a split shift or spread of hours exceeding 10; when a piece-rate method of payment is used, the number of units produced daily and weekly; the amount of gross wages; deductions from gross wages; allowances, if any, claimed as part of the minimum wage; and net wages paid. NYLL § 195 and 12 NYCRR § 142-2.6 (a)(4).

50. Upon information and belief, Defendants failed to maintain true, accurate and legible records for Plaintiffs as required by NYLL § 195 and 12 NYCRR § 142-2.6.

51. At all relevant times, Defendants are and were required to give Plaintiffs notice in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring when newly hired, containing the rate or rates of pay and

basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and, the regular hourly rate and overtime rate of pay. NYLL § 195.

52. Upon information and belief, Defendants failed to provide notice to new hires to Plaintiffs as required by NYLL § 195.

53. At all relevant times, Pursuant to NYLL § 195 and 12 NYCRR § 142-2.7, Defendants are and were required provide each Plaintiff with a statement with every payment of wages, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate.

54. Upon information and belief, Defendants failed to give Plaintiffs pay statements that included notice of the dates of work covered by that payment of wages ; the name of the employee; the name of employer; the address and phone number of employer; the rate or rates of

pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked as required by NYLL § 195.

55. Defendants' actions, as alleged herein, were wilful, intentional, and not made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

56. Pursuant to 29 U.S.C. §§ 216 and 256, consent forms executed by each Plaintiff are annexed hereto as Exhibit A.

57. Upon information and belief, Defendants have, at all relevant times, employed well in excess of 100 employees who worked in the non-exempt position of laborer.

58. Upon information and belief, the Defendants have failed to pay each of these employees overtime premiums of one and one-half times their hourly rate for hours worked in excess of forty-hours per week.

59. The unlawful employment practices at issue with respect to the other similarly situated employees of Defendants are identical to the unlawful employment practices with respect to Plaintiffs. In all cases, the Defendants have failed to pay the statutorily required overtime rate for all hours worked in excess of forty hours per week pursuant to FLSA and NYLL, have failed to keep accurate time records of all hours worked by laborers, and have known of and/or shown reckless disregard for whether these and other practices violate the FLSA and NYLL.

60. Other employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA, the NYSLL and other state law claims, heard. Certifying this action as a collective action will afford other employees the

opportunity to receive notice of the action and allow them to opt in to such an action if they so choose.

## CLASS ACTION ALLEGATIONS

61.     Plaintiffs repeat and reallege by reference each and every allegation set forth in the preceding paragraphs.

62.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named Plaintiffs bring this action individually and on behalf of the following class of persons (the "Class"): All persons who have been employed as laborers by Defendants during the relevant statute of limitations period, including any and all periods for which equitable tolling is appropriate.

63.     The individuals in the Class identified above are so numerous that joinder of all members of the class is impractical. Upon information and belief, for the past 6 years, well over two hundred (200) individuals have worked as laborers for the Defendants.

64.     Questions of law and fact common to the Class include, but are not limited to, the following:

   a.     whether Defendants have failed to pay Plaintiffs and other similarly situated individuals at the overtime rate of one and one-half times their regular hourly pay rate for each hour worked in excess of forty hours per week;

   b.     whether Defendants have failed to furnish Plaintiffs and other similarly situated individuals with a wage statement with every payment of wages pursuant to NYLL § 195(3);

   c.     whether Defendants have failed to furnish Plaintiffs and other similarly situated individuals with a statement in writing in English and in the

      language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the employee's rate of regular pay, rate of overtime pay, and other information by NYLL § 195(1);

  d. whether Defendants' acts and omissions at issue constitute willful violations of the FLSA and NYLL; and

  e. whether members of the Class have sustained damages and, if so, the proper measure of damages.

65. The claims of the named Plaintiffs are typical of the claims of the Class in that all of the named Plaintiffs have suffered damages due to the policies and practices set forth in paragraphs 29 through 56.

66. The named Plaintiffs will fairly and adequately protect the interest of the class. The interests of the named Plaintiffs are aligned with those of the Class, and the named Plaintiffs are represented by qualified and experienced counsel.

67. By engaging in the policies and practices set forth in paragraphs 29 through 56, the Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory and monetary relief with respect to the Class as a whole.

68. Questions of the law or fact common to the members of the Class, including but not limited to, the common questions of law or fact enumerated in paragraph 64, predominate over any questions affecting only the named Plaintiffs, and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

69. For these reasons, the Class should be certified under Rule 23(b) of the Federal

Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

(Failure to Pay Overtime Wage – FLSA)

70. Plaintiffs repeat and reallege by reference each and every allegation set forth in the preceding paragraphs.

71. At all relevant times, Defendants did not pay Plaintiffs at the statutorily required overtime rate of time and one-half for all hours worked by Plaintiffs in excess of forty-hours per week.

72. Upon information and belief, at all relevant times, Defendants did not pay other laborers the statutorily required overtime rate of time and one half for all hours worked in excess of forty-hours per week.

73. The Defendants, by the above acts, have violated 29 U.S.C. § 207.

74. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiffs and similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts and/or omissions unless and until this Court grants the Relief requested herein.

76. No previous application has been made for the relief requested herein.

## SECOND CAUSE OF ACTION

(Failure to Pay Overtime Wage – NYLL)

77. Plaintiffs repeat and reallege by reference each and every allegation set forth in the preceding paragraphs.

78. At all relevant times, Defendants did not pay Plaintiffs at the statutorily required

overtime rate of time and one-half for all hours worked by Plaintiffs in excess of forty-hours per week.

79. Upon information and belief, at all relevant times, Defendants did not pay other laborers the statutorily required overtime rate of time and one-half for all hours worked in excess of forty-hours per week.

80. Defendants, by the above acts, have violated NYLL § 652 and 12 NYCRR § 142.2.2.

81. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYLL § 663.

82. Plaintiffs and similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts and/or omissions unless and until this Court grants the relief requested herein.

83. No previous application has been made for the relief requested herein.

### THIRD CAUSE OF ACTION
(New York Labor Law Article 6 -Defendants' Failure to Pay Wages When Due)

84. Plaintiffs repeat and reallege by reference each and every allegation set forth in the preceding paragraphs.

85. Defendants have failed to pay Plaintiffs all wages due, including overtime wages, for the hours Plaintiffs worked for Defendants. The NYLL, Article 6, requires that wages be paid on an employee's regular payday for all hours worked.

86. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

87. Defendants' failure to comply with the NYLL was wilful.

## FOURTH CAUSE OF ACTION

(New York Labor Law §§ 195 and 661; 12 NYCRR § 142-2.6 - Failure to Comply With Notification Requirements And To Maintain Records)

88. Plaintiffs repeat and reallege by reference each and every allegation set forth in the preceding paragraphs.

89. Defendants failed to comply with NYLL § 195, which sets out notice and record keeping requirements governing employers in the State of New York, and 12 NYCRR § 142-2.6, governing the records Defendants are required to maintain and preserve. Defendants' failure to comply with these provisions of the NYLL as set forth above prejudices Plaintiffs in learning of their legal rights and Defendants' violation of law, and in asserting their legal right to be paid in accordance with the law.

90. Defendants' failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

91. Defendants' failure to comply with the NYLL was wilful.

## FIFTH CAUSE OF ACTION

(12 NYCRR § 142-2.4 - Unpaid Spread of Hours)

92. Plaintiffs repeat and reallege by reference each and every allegation set forth in the preceding paragraphs.

93. NYCRR tit. 12, § 142-2.4 require employers to compensate their employees for an additional hour's pay at the minimum wage rate in any day in which the spread of hours exceeds 10 hours.

94. As described above, Defendants are employers within the meaning of the NYLL

while Plaintiffs are employees within the meaning of the NYLL.

95. As also described above, Plaintiffs worked in excess of ten hours on several workdays each week, yet Defendants failed to compensate Plaintiffs in accordance with NYCRR's spread of hours provisions.

96. Defendants' actions were in willful violation of NYCCRR tit. 12, § 142-2.4.

97. Plaintiffs are entitled to the amount legally due to them under NYCCRR's spread of hours provisions.

98. Plaintiffs are also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendants' violations of NYCCRR's spread of hours provisions.

## JURY DEMAND

99. Plaintiffs hereby demand, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury in the above captioned action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a judgment:

a. declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

b. declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255 and NYLL § 663;

c. enjoining and permanently restraining the violations alleged herein;

d. directing Defendants to pay Plaintiffs and other similarly situated employees awarding all damages sustained as a result of Defendant's conduct, including all unpaid wages Plaintiffs and other similarly situated employees would have received but for Defendants

misconduct and all statutory damages for violation NYLL § 195 and 12 NYCRR § 142-2.6, as provided for in NYLL § 198;

  e. directing Defendants to pay Plaintiffs and other similarly situated employees liquidated damages as provided for in 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

  f. awarding Plaintiffs and other similarly situated employees the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYLL §§ 198 and 663; and

  g. granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
   November 9, 2021

*Glendoval J. Stephens*
THE STEPHENS LAW FIRM PLLC
By: GLENDOVAL J. STEPHENS
305 Broadway, Suite 1200
New York, NY 10007
Telephone: 212-835-1400
Facsimile: 212-835-1401
gjs@stephenslawny.com
Attorneys for Plaintiffs