SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

SOLOMON FEDER,
CHAIM LEIFER,
MOSHE "MOSES" WEINBERGER,
CARLOS SANTANDER,
BIG APPLE DESIGNERS, INC.,
VELOCITY FRAMERS USA, INC.,
CIS CONSTRUCTION LLC,
CIS ENTERPRISES CORP.

                                                        Defendants.

---

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the defendants of the crime of **CONSPIRACY IN THE FOURTH DEGREE**, in violation of Penal Law §105.10(1), committed as follows:

The defendants in the County of New York, and elsewhere, during the period from on or about January 4, 2016, to on or about December 18, 2020, with the intent that conduct constituting the class B felony of Insurance Fraud in the First Degree be performed, agreed with each other and others to engage in and cause the performance of such conduct.

PREAMBLE

The purpose of the conspiracy was to reduce Big Apple Designers, Inc.'s (BIG APPLE) and Velocity Framers USA, Inc.'s (VELOCITY) workers' compensation insurance premium payments to the New York State Insurance Fund (NYSIF) by fraudulently underreporting the true size of their payrolls. NYSIF uses a company's reported payroll to calculate its yearly premium payments. During the period of this conspiracy, Solomon Feder, Chaim Leifer, Moshe "Moses" Weinberger, BIG APPLE, and VELOCITY colluded with Carlos Santander, CIS Construction LLC, CIS Enterprises Corp., and others to underreport employee payrolls by generating millions of dollars in unreported cash payroll, thereby grossly reducing the insurance payments to NYSIF.

In furtherance of the conspiracy, the defendants and others agreed to issue numerous checks to CIS Construction LLC and CIS Enterprises Corp., which Carlos Santander and others cashed at commercial check cashing businesses. The cash was then used to pay workers "off-the-books." To accomplish and perpetuate this fraud, the defendants also falsified the business records of BIG APPLE, VELOCITY, and NYSIF.

OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, during the period from on or about January 4, 2016, to on or about December 18, 2020, the following overt acts, among others, were committed:

1. On or about January 4, 2016, in New York County, defendant Leifer filed with NYSIF an application for workers' compensation insurance on behalf of BIG APPLE, which contained false information.

2. On or about May 6, 2016, in New York County, defendant Santander opened an account at V&R Payroll Factors, Inc. for the purpose of cashing checks.

3. On or about August 24, 2016, in New York County, defendant BIG APPLE submitted false information to NYSIF related to BIG APPLE's yearly "Premium Audit" for the period of January 5, 2016, through April 1, 2016.

4. On or about December 7, 2016, in New York County, defendant VELOCITY submitted false information to NYSIF related to VELOCITY's yearly "Premium Audit" for the period of August 19, 2015, through August 19, 2016.

5. On or about March 10, 2017, in Kings County, defendant Santander opened an account at AMB Check Cashers for the purpose of cashing checks.

6. On or about August 3, 2017, in New York County, defendant BIG APPLE submitted false information to NYSIF related to BIG APPLE's yearly "Premium Audit" for the period of April 1, 2016, through April 1, 2017.

7. On or about May 1, 2018, in New York County, defendant VELOCITY submitted false information to NYSIF related to VELOCITY's yearly "Premium Audit" for the period of August 19, 2016, through August 19, 2017.

8. On or about June 4, 2018, in New York County, defendant BIG APPLE submitted false information to NYSIF related to BIG APPLE's yearly "Premium Audit" for the period of April 1, 2017, through April 1, 2018.

9. In or about the Summer of 2018, in Kings County, defendant Weinberger explained to Unindicted Co-conspirator #3 (UCC #3) how the cash payroll scheme operated.

10. In or about October 2018, in Kings County, UCC #3 and defendant Weinberger agreed that UCC #3 would be paid pursuant to the terms of the conspiracy.

11. In or about December 2018/January 2019, in Kings County, defendant Feder instructed Unindicted Co-conspirator (UCC #4) to speak with defendant Weinberger about getting additional cash.

12. In or about December 2018/January 2019, in Kings County, while defendant Santander was present, defendant Weinberger explained to UCC #4 how the cash payroll scheme operated.

13. In or about December 2018/January 2019, in Kings County, defendant Weinberger introduced UCC #4 to defendant Santander.

14. On or about October 11, 2019, defendant Leifer obtained a "Work Permit" from the New York City Department of Buildings, issued in his name and the name of his company, Key Developers, for a construction project at 260 Gold Street in Kings County.

15. On or about October 11, 2019, at approximately 2:36 pm, in the vicinity of Lynch Street, in Kings County, defendant Santander gave Unindicted Co-conspirator #5 (UCC #5) a sum of cash.

16. On or about October 11, 2019, at approximately 2:46 pm, in the vicinity of Union Avenue and Lynch Street, in Kings County, Unindicted Co-conspirator #2 (UCC #2) gave defendant Santander a number of BIG APPLE checks to cash.

17. In or about the Winter of 2019, in Kings County, defendant Weinberger explained to Unindicted Co-conspirator #1 (UCC #1) how the cash payroll scheme operated.

18. In or about the Winter of 2019, in Kings County, defendant Weinberger introduced UCC #1 to defendant Santander.

19. On or about December 13, 2019, at approximately 9:09 am, in the vicinity of Union Avenue, in Kings County, defendant Santander gave UCC #4 a sum of cash.

20. On or about December 13, 2019, at approximately 1:40 pm, in the vicinity of Union Avenue, in Kings County, defendant Santander gave UCC #1 a sum of cash.

21. On or about December 13, 2019, between approximately 2:44 pm and 3:44 pm, in the vicinity of 260 Gold Street, in Kings County, defendant Santander handed out envelopes containing cash to multiple construction workers wearing vests with a "KEY Developers" logo.

22. On or about January 24, 2020, at approximately 2:52 pm, in the vicinity of 260 Gold Street, in Kings County, defendant Santander handed out envelopes containing cash to multiple construction workers wearing vests with a "KEY Developers" logo.

23. On or about February 11, 2020, in New York County, defendant VELOCITY filed documents with NYSIF which identified defendant Leifer as the president and defendant Feder as the vice president of VELOCITY.

24. On or about February 11, 2020, in New York County, defendant VELOCITY submitted false information to NYSIF related to VELOCITY's yearly "Premium Audit" for the period of August 19, 2017, through April 1, 2018.

25. On or about February 11, 2020, in New York County, defendant VELOCITY submitted false information to NYSIF related to VELOCITY's yearly "Premium Audit" for the period of April 1, 2018, through April 1, 2019.

26. On or about March 2, 2020, at approximately 8:14 am, in the vicinity of 482 Woodward Avenue, in Queens County, defendant Santander gave UCC #1 a sum of cash.

27. On or about March 5, 2020, in New York County, defendant BIG APPLE submitted false information to NYSIF related to BIG APPLE's yearly "Premium Audit" for the period of April 1, 2018, through April 1, 2019.

28. On or about March 27, 2020, at approximately 11:57 am, in the vicinity of Union Avenue, in Kings County, UCC #5 gave defendant Santander a number of BIG APPLE checks to cash.

29. On or about March 27, 2020, at approximately 12:45 pm, in the vicinity of Union Avenue, in Kings County, defendant Santander handed envelopes containing cash to a construction worker wearing a vest with a BIG APPLE logo.

30. On or about September 4, 2020, at approximately 11:14 am, in the vicinity of Union Avenue, in Kings County, defendant Santander gave UCC #5 a sum of cash.

31. On or about October 15, 2020, at approximately 5:47 pm, UCC #1 and defendant Santander had a telephone conversation, during which UCC #1 asked defendant Santander if defendant Weinberger had given defendant Santander checks for UCC #1.

32. During the same telephone conversation, defendant Santander and UCC #1 scheduled a time and place for defendant Santander to give UCC #1 cash.

33. On or about October 16, 2020, at approximately 2:31 pm, UCC #4 had a telephone conversation with defendant Santander and Unindicted Co-conspirator (UCC #6), during which defendant Santander, UCC #4, and UCC #6 tried to reconcile the BIG APPLE checks that defendant Santander had cashed with the amount of cash defendant Santander had subsequently given to UCC #4 in return.

34. On or about October 28, 2020, at approximately 11:30 am, UCC #6 had a telephone conversation with an employee from V&R Payroll Factors, during which they arranged when and where UCC #6 could cash a number of checks totaling $129,982.

35. On or about November 5, 2020, at approximately 3:57 pm, UCC #6 had a telephone conversation with an employee of AMB Check Cashers and arranged to cash up to $140,000 in checks.

36. On or about November 5, 2020, at approximately 4:07 pm, defendant Santander had a telephone conversation with UCC #5, during which defendant Santander agreed to pick up a check for UCC #5 from VELOCITY's office.

37. On or about November 5, 2020, at approximately 5:11 pm, defendant Santander, UCC #6, and UCC #1, had a telephone conversation, during which they arranged for UCC #1 to give defendant Santander a number of BIG APPLE checks to cash.

38. On or about November 12, 2020, defendant BIG APPLE failed to participate in its required NYSIF yearly "Premium Audit" for the period of April 1, 2019, through April 1, 2020.

39. On or about December 8, 2020, at approximately 12:21, UCC #2 and defendant Santander, had a telephone conversation, during which they arranged for UCC #2 to bring a BIG APPLE check to defendant Santander to cash.

40. On or about December 18, 2020, inside of 482 Woodward Avenue, in Queens County, defendant Santander possessed over three hundred thousand dollars ($300,000) in cash and check stubs from BIG APPLE checks.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **INSURANCE FRAUD IN THE FIRST DEGREE**, in violation of Penal Law §176.30, committed as follows:

The defendants, in the County of New York, during the period from on or about January 4, 2016, to on or about December 18, 2020, committed a fraudulent insurance act and thereby wrongfully took, obtained and withheld, and attempted to wrongfully take, obtain, and withhold property with a value in excess of one million dollars from the New York State Insurance Fund.

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about August 3, 2017, with intent to defraud and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, the New York State Insurance Fund, related to Big Apple Designers, Inc.'s "Premium Audit" for the period April 1, 2016, to April 1, 2017.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about May 1, 2018, with intent to defraud and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, the New York State Insurance Fund, related to Velocity Framers USA, Inc.'s "Premium Audit" for the period August 1, 2016, to August 19, 2017.

FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about June 4, 2018, with intent to defraud and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, the New York State Insurance Fund, related to Big Apple Designers, Inc.'s "Premium Audit" for the period April 1, 2017, to April 1, 2018.

SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about February 11, 2020, with intent to defraud and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, the New York State Insurance Fund, related to Velocity Framers USA, Inc.'s "Premium Audit" for the period August 1, 2017, to April 1, 2017.

SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about February 11, 2020, with intent to defraud and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, the New York State Insurance Fund, related to Velocity Framers USA, Inc.'s "Premium Audit" for the period April 1, 2018, to April 1, 2019.

EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendants of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about March 5, 2020, with intent to defraud and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, the New York State Insurance Fund, related to Big Apple Designers, Inc.'s "Premium Audit" for the period April 1, 2018, to April 1, 2019.

ALVIN L. BRAGG, JR.

District Attorney

GJ Case #5: 7th Additional Grand Jury for the September/October 2021 Term:

Filed:

No. NA

THE PEOPLE OF THE STATE OF NEW YORK

-against-

SOLOMON FEDER,
CHAIM LEIFER,
MOSHE "MOSES" WEINBERGER,
CARLOS SANTANDER,
BIG APPLE DESIGNERS, INC.,
VELOCITY FRAMERS USA, INC.,
CIS CONSTRUCTION LLC,
CIS ENTERPRISES CORP.

Defendants.

INDICTMENT

CONSPIRACY IN THE FOURTH DEGREE, PL §105.10(1), all defendants (1 ct.)

INSURANCE FRAUD IN THE FIRST DEGREE, PL §176.30, all defendants (1 ct.)

FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE, PL §175.10, all defendants (6 cts.)

ALVIN L. BRAGG, JR., District Attorney

A True Bill

Foreperson

ADA Christopher J. Beard
ADA Raffaela Belizaire
Rackets Bureau